# EXHIBIT "A"

WUSINICH, SWEENEY & RYAN, LLC
By: Edward C. Sweeney, Esquire
    I.D. No.: 64565
102 Pickering Way, Suite 403
Exton, PA  19341
(610) 594-1600

Attorney for Plaintiff

Filed and Attested by the
Office of Judicial Records
25 OCT 2024 10:12 am
S. RICE

| | |
|---|---|
| F.F. (a Minor), by and through parent/natural guardian **DANIELLE CHAPPELL** 1410 Tremont Avenue Norristown, PA 19401 | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA NO. |
| and | CIVIL ACTION - LAW |
| **MARGUERITE FAULCKES** and **KURT E. CLAWSON,** h/w, 603 Hamilton Court Trappe, PA 19426 | JURY TRIAL OF TWELVE DEMANDED |
| Plaintiffs, | |
| vs. | |
| **PETSMART, LLC** 19601 North 27th Avenue Phoenix, AZ 85027 | |
| Defendant, | |
| and | |
| **ELIZABETH (LIZ) PALUMBO** 1714 Foxwood Drive Jamison, PA 18929 | |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiffs, by and through their counsel, Wusinich, Sweeney & Ryan, LLC, and for their Complaint do aver as follows:

1.      Plaintiff is F.F., ("Plaintiff F.F."), a minor, appearing by and through her parent/natural guardian, Danielle Chappell and Johnathan Franklin.

2.      Plaintiff Marguerite Faulckes ("Plaintiff Faulckes") is an adult resident of Montgomery County, Pennsylvania, who resides at 603 Hamilton Court, Trappe, PA 19426.

3.      Plaintiff Kurt E. Clawson ("Plaintiff Clawson") is an adult resident of Montgomery County, Pennsylvania, who resides at 603 Hamilton Court, Trappe, PA 19426 and is the husband of Plaintiff Marguerite Faulckes.

4.      Plaintiff Danielle Chappell ("Plaintiff Chappell") is the mother of Plaintiff F.F., is an adult resident of Montgomery County, Pennsylvania, and resides at 1410 Tremont Avenue, Norristown, PA 19401.

5.      Defendant is PetSmart, LLC, ("Defendant PetSmart"), is a foreign limited liability company registered in Delaware, with corporate headquarters located at 19601 North 27th Avenue, Phoenix, AZ 85027, and with a registered business office of Corporate Creations Network, Inc., 1001 State Street, #1400, Erie, PA 16501. Defendant's local business office address is 131 Town Center Road, King of Prussia, PA 19406.

6.      Defendant Elizabeth (Liz) Palumbo ("Defendant Palumbo") is a supervisor/manager at the King of Prussia store of Defendant Pet Smart, and resides at 1714 Foxwood Drive, Jamison, PA 18929.

7.      Venue is proper in Philadelphia under Pennsylvania Rule of Civil Procedure 2179(a)(2) as Defendant regularly conducts business in Philadelphia at multiple locations.

8.      Defendant Liz Palumbo was at all times a manager the King of Prussia store.

9.      The events in this Complaint took place at PetSmart Store #2491, 131 Town Center Road, King of Prussia, PA 19406.

Case ID: 241003541

10.    Plaintiff Marguerite Faulckes is in protected classes by reason of her race (African American) and color (black).

11.    Plaintiff F.F. is in protected classes by reason of her race (African American) and color (black).

12.    Defendant PetSmart is a retailer, selling pets and pet supplies.

13.    Defendant PetSmart is a public accommodation.

14.    42 U.S.C. Section 1981 provides the right of Plaintiffs to have the right to make and enforce contracts as follows:

> **(a)    Statement of equal rights.** All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> **(b) "Make and enforce contracts" defined.** For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

15.    Section 1981 protects the right to make all contracts, including those involving the sales of good and services and transactions at retail establishments.

16.    On Thursday, March 14, 2024, Plaintiffs were shopping at a retail establishment, the PetSmart located at 131 Town Center Road, King of Prussia, PA 19406.

17.    PetSmart is a retail establishment.

18.    Plaintiffs attempted to purchase a goldfish and fish supplies.

19.    Plaintiffs were refused service because of their race and/or color.

3

Case ID: 241003541

20.     After shopping for fish supplies (fish bowl, food, etc.), Plaintiffs approached PetSmart manager/employee, identified as Liz Palumbo (Defendant Palumbo), who was working on the sales floor and asked to purchase a fish.

21.     Plaintiffs were refused service by Defendant Palumbo.

22.     Defendant Palumbo, declared: "I am not selling you people a fish. Y'all would not take care of the goldfish."

23.     Plaintiff Faulckes sought clarification and asked Defendant Palumbo, "Are you refusing to serve us?"

24.     Defendant Palumbo repeated that she refused to sell the goldfish to Plaintiffs and declared yet again: "You people will not take care of it", while looking at Plaintiff Faulckes and 3-year-old Plaintiff F.F. in the face and while other patrons stood nearby and stared.

25.     Plaintiff Faulckes asked to speak to the manager.

26.     Defendant Palumbo, said, "I am the manager," and again refused to sell the goldfish to Plaintiffs. Plaintiff Faulckes asked the employee her name, and Defendant Palumbo provided it.

27.     Defendant Palumbo then told Plaintiffs, "You might as well put the supplies back."

28.     Three-year-old Plaintiff F.F. was crying at this point, as well as her grandmother, Plaintiff Faulckes, and Plaintiffs put the supplies back and walked out of the store.

29.     Plaintiffs came back in, seeking clarification from other employees at the cash register.

30.     Plaintiff Faulckes was told by another cashier, also Caucasian, "We don't have to serve you if we don't want to."

31.     Plaintiff F.F. cried.

4

Case ID: 241003541

32.     Before Plaintiffs attempted to purchase a goldfish, other white customers were sold goldfish, including but not limited to, a white female mother with her approximate 7–8-year-old daughter.

33.     Plaintiff Faulckes and Plaintiff F.F. left Defendant's store, humiliated and shaken from the verbal assault and discrimination.

34.     Defendant Palumbo blatantly discriminated against Plaintiffs by refusing to sell items that Defendant Palumbo was selling to white customers frequenting their store, and humiliated Plaintiffs in front of other patrons.

35.     Plaintiff F.F.'s young age of three (3) made her particularly susceptible to harm by the conduct alleged in the complaint.

36.     Plaintiff Faulckes was an immediate family member of Plaintiff F.F. and her familiar relationship to Plaintiff F.F. could be ascertained by a reasonable employee under the circumstances of their activity at the store and her reaction to the refusal of service to Plaintiff F.F.

37.     Plaintiff Faulckes called PetSmart and reported the incident.

38.     On March 16, 2024, a Litigation Hold Letter was sent to PetSmart Corporate Offices by Kurt E. Clawson, Esquire, a Plaintiff named in this lawsuit.

39.     The refusal to serve Plaintiff F.F. and Plaintiff Marguerite Faulckes by PetSmart's manager and her communication of racial rationale of the refusal to Plaintiffs was intentional.

40.     Plaintiff F.F. and Plaintiff Marguerite Faulckes were denied the ability to make a contract or to enjoy the fruits of a contractual relationship, by reason of a race-based animus.

41.     Defendant PetSmart's agent acted with malice or reckless indifference towards the federally protected rights of Plaintiffs.

42.     Defendant PetSmart is responsible for the actions of its agent.

5

Case ID: 241003541

43. Plaintiff F.F. and Plaintiff Faulckes can recover for negligent emotional distress as Defendants have a contractual or fiduciary duty placed on them.

44. Plaintiff Faulckes had a contemporaneous perception of a tortious injury to a close relative, her granddaughter.

45. Plaintiffs believe, and therefore aver, that solely due to the negligence or intentional conduct of Defendants, as herein alleged, Plaintiff Kurt E. Clawson has been and may in the future be deprived of Plaintiff Marguerite Faulckes' comfort, guidance, companionship, assistance and consortium, all of which has been and may in the future be due to Plaintiff Marguerite Faulckes' loss and damages.

### COUNT I

### F.F., A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v. PET SMART

### SECTION 1981

46. Plaintiff F.F., by and through her parent/ natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

47. Plaintiff F.F. is in protected classes by reason of her race (African American) and color (black).

48. Defendant PetSmart intentionally discriminated against Plaintiff on the basis of race and color.

49. The discrimination implicated one or more of the activities listed in the statute, including the making or enforcing of a contract.

50. Plaintiff Faulckes and her granddaughter, Plaintiff F.F., were refused service at Defendant PetSmart because of their race and color.

6

Case ID: 241003541

51.    Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

52.    Plaintiff F.F. seeks injunctive relief to prevent a repetition of this conduct by Defendant.

53.    Plaintiff F.F. seeks punitive damages from Defendant PetSmart.

WHEREFORE, Defendant PetSmart caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc.</u>, 554 F.3d 426 (3d Cir. 2009); (5) a reasonable attorney's fee; (6) other costs of the action.


## COUNT II

### F.F., A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v. PET SMART

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.    Plaintiff F.F., by and through her parent/natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

55.    Defendant's supervisor perpetrated conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56.    Defendant's supervisor's conduct was intentional or reckless.

57.    Defendant's supervisor caused emotional distress to Plaintiff F.F.

58.    The distress that occurred to Plaintiff F.F. was severe.

59.    Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

Case ID: 241003541

60.    Defendant PetSmart is vicariously liable for Defendant supervisor's conduct.

61.    Defendant is liable for compensatory damages.

62.    Defendant is liable for punitive damage.

WHEREFORE, Defendant PetSmart caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT III

### F.F. A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v. PET SMART

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.    Plaintiff F.F., by and through her parent/natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

64.    Defendant had a contractual duty to Plaintiff F.F. to provide service to her and her grandmother, Plaintiff Faulckes.

65.    There was an implied duty of care to serve all customers regardless of race or color and not to cause emotional distress to them by refusing to serve a customer because of race or color.

66.    Defendant PetSmart's supervisor, for racially motivated reasons, did not provide service to Plaintiff F.F. and/or her grandmother.

67.    Alternatively, Plaintiff F.F. observed a tortious injury to her grandmother.

8

Case ID: 241003541

68.     Plaintiff F.F. suffered severe emotional harm.

69.     Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

70.     Defendant PetSmart is vicariously liable for Defendant's supervisor's conduct.

71.     Defendant PetSmart is liable for compensatory damages.

72.     Defendant PetSmart is liable for punitive damages.

WHEREFORE, Defendant PetSmart caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT IV

## MARGUERITE FAULCKES v. PET SMART

## SECTION 1981

73.     Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set forth more fully herein.

74.     Plaintiff is in protected classes by reason of her race (African American) and color (black).

75.     The defendant intentionally discriminated against Plaintiff Faulckes on the basis of race and color.

9

Case ID: 241003541

76.     Plaintiff Faulckes and her granddaughter Plaintiff F.F. were refused service at Defendant PetSmart because of their race and color.

77.     The discrimination implicated one or more of the activities listed in the statute including the making or enforcing of a contract.

78.     Defendant PetSmart's supervisor caused physical and/or mental harm to Plaintiff Faulckes who has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

79.     Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

80.     Plaintiff Faulckes has incurred medical expenses to address her additional harm caused by Defendant's conduct.

81.     Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

82.     Plaintiff seeks injunctive relief to prevent a repetition of this conduct by Defendant.

83.     Plaintiff seeks punitive damages from Defendant.

WHEREFORE, Defendant PetSmart caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) a reasonable attorney's fee; (5) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (6) other costs of the action.

Case ID: 241003541

## COUNT V

## MARGUERITE FAULCKES v. PET SMART

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.    Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set forth more fully herein.

85.    Defendant PetSmart's supervisor perpetrated conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

86.    Defendant PetSmart's supervisor's conduct was intentional or reckless.

87.    Defendant PetSmart's supervisor caused emotional distress to Plaintiff Faulckes.

88.    The distress that occurred to Plaintiff Faulckes was severe.

89.    Plaintiff Faulckes was present at the time of the outrageous conduct.

90.    At all relevant times Plaintiff Faulckes had a special relationship and was part of the immediate family of Plaintiff F.F., being her grandmother.

91.    Defendant PetSmart's supervisor caused physical and/or mental harm to Plaintiff Faulckes who has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

92.    Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

93.    Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

94.    Defendant PetSmart is vicariously liable for its supervisor's conduct.

95.    Defendant PetSmart is liable for compensatory damages.

96.    Defendant PetSmart is liable for punitive damages.

11

Case ID: 241003541

WHEREFORE, Defendant PetSmart caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT VI

### MARGUERITE FAULCKES v. PET SMART

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

97.     Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set forth more fully herein.

98.     Defendant PetSmart had a contractual duty to Plaintiff Faulckes to provide service to her and her grandchild.

99.     There was an implied duty of care to serve all customers regardless of race or color and not to cause emotional distress to them by refusing to serve a customer because of race or color.

100.    Defendant PetSmart's supervisor, for racially motivated reasons, did not provide service to Plaintiff Faulckes and her grandchild.

101.    Plaintiff Faulckes observed a tortious injury to her grandchild.

102.    Plaintiff suffered severe emotional harm.

103.    Defendant's supervisor caused physical and/or mental harm to Plaintiff Faulckes who has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

12

Case ID: 241003541

104.    Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

105.    Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

106.    Defendant PetSmart is vicariously liable for Defendant supervisor's conduct.

107.    Defendant is liable for compensatory damages.

108.    Defendant is liable for punitive damages.

WHEREFORE, Defendant PetSmart caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT VII

### KURT CLAWSON V. DEFENDANT PET SMART

### LOSS OF CONSORTIUM

109.    Plaintiffs incorporates the paragraphs above as if set forth more fully herein.

110.    Plaintiff Kurt E. Clawson is the spouse of Plaintiff Marguerite Faulckes.

111.    Plaintiffs believe, and therefore aver, that solely due to the intentional or negligent conduct of Defendant PetSmart's supervisor, as herein alleged, Plaintiff Kurt E. Clawson has been and may in the future be deprived of Plaintiff Marguerite Faulckes' comfort, guidance, companionship, assistance and consortium, all of which has been and may in the future be due to Plaintiff Marguerite Faulckes' loss and damages.

13

Case ID: 241003541

112.    Plaintiff Clawson's claim is derivative of Plaintiff Marguerite Faulckes' tort claims under Pennsylvania law.

113.    Defendant PetSmart is vicariously liable or liable under the theory of respondent superior for the actions of its supervisor.

WHEREFORE, Defendant PetSmart caused Plaintiff Clawson damages in excess of $50,000, and he demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT VIII

### F.F., A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v. DEFENDANT LIZ PALUMBO

#### SECTION 1981

114.    Plaintiff F. F., by and through her parent/ natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

115.    Plaintiff is in protected classes by reason of her race (African American) and color (black).

116.    Defendant Palumbo intentionally discriminated against Plaintiff on the basis of race and color.

117.    The discrimination implicated one or more of the activities listed in the statute including the making or enforcing of a contract.

14

Case ID: 241003541

118.    Plaintiff F.F. and her grandmother, Plaintiff Faulckes, were refused service by Defendant Palumbo at Defendant PetSmart because of their race and color.

119.    Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

120.    Plaintiff F.F. seeks injunctive relief to prevent a repetition of this conduct by Defendant Palumbo.

121.    Plaintiff seeks punitive damages from Defendant Palumbo.

WHEREFORE, Defendant Palumbo caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) a reasonable attorney's fee; (5) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (6) other costs of the action.


## COUNT IX

### F.F. A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v. DEFENDANT LIZ PALUMBO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

122.    Plaintiff F.F., by and through her parent/ natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

123.    Defendant Palumbo perpetrated conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

124.    Defendant Palumbo's conduct was intentional or reckless.

125.    Defendant Palumbo caused emotional distress to Plaintiff F.F.

Case ID: 241003541

126.    The distress that occurred to Plaintiff F.F. was severe.

127.    Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

128.    Defendant Palumbo is liable for her conduct.

129.    Defendant Palumbo is liable for compensatory damages.

130.    Defendant Palumbo is liable for punitive damages.

WHEREFORE, Defendant Palumbo caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT X

### F.F., A MINOR, BY AND THROUGH HER PARENT/ NATURAL GUARDIAN, DANIELLE CHAPPELL v.  DEFENDANT LIZ PALUMBO

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

131.    Plaintiff F.F., by and through her parent/ natural guardian, Danielle Chappell, hereby incorporates the above paragraphs as if set forth more fully herein.

132.    Defendant Palumbo had a duty to Plaintiff Franklin to provide service to her and her grandmother.

133.    There was an implied duty of care to serve all customers regardless of race or color and not to cause emotional distress to them by refusing to serve a customer because of race or color.

Case ID: 241003541

134.    Defendant Palumbo, for racially motivated reasons, did not provide service to Plaintiff F.F. and/or her grandmother.

135.    Alternatively, Plaintiff F.F. observed a tortious injury to her grandmother.

136.    Plaintiff F.F. suffered severe emotional harm.

137.    Plaintiff F.F. suffered emotional harm, embarrassment, humiliation.

138.    Defendant Palumbo is liable for her conduct.

139.    Defendant Palumbo is liable for compensatory damages.

140.    Defendant Palumbo is liable for punitive damages.

WHEREFORE, Defendant Palumbo caused Plaintiff F.F. damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.


## COUNT XI
## MARGUERITE FAULCKES v. DEFENDANT LIZ PALUMBO
## SECTION 1981

141.    Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set forth more fully herein.

142.    Plaintiff is in protected classes by reason of her race (African American) and color (black).

143.    Defendant Palumbo intentionally discriminated against Plaintiff Faulckes on the basis of race and color.

17

Case ID: 241003541

144.    Plaintiff Faulckes and her granddaughter, Plaintiff F.F., were refused service at by Defendant Palumbo at Defendant PetSmart because of their race and color.

145.    The discrimination implicated one or more of the activities listed in the statute including the making or enforcing of a contract.

146.    Defendant Palumbo caused physical and/or mental harm to Plaintiff Faulckes who has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

147.    Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

148.    Plaintiff Faulckes has incurred medical expenses to address her additional harm caused by Defendant's conduct.

149.    Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

150.    Plaintiff seeks injunctive relief to prevent a repetition of this conduct by Defendant Palumbo.

151.    Plaintiff seeks punitive damages from Defendant Palumbo.

WHEREFORE, Defendant Palumbo caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

Case ID: 241003541

## COUNT XII

### MARGUERITE FAULCKES v. DEFENDANT LIZ PALUMBO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

152.    Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set forth more fully herein.

153.    Defendant Palumbo perpetrated conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

154.    Defendant Palumbo's conduct was intentional or reckless.

155.    Defendant Palumbo caused emotional distress to Plaintiff Faulckes.

156.    The distress that occurred to Plaintiff Faulckes was severe.

157.    Plaintiff Faulckes was present at the time of the outrageous conduct.

158.    At all relevant times Plaintiff Faulckes had a special relationship and was part of the immediate family of Plaintiff F.F., being her grandmother.

159.    Defendant Palumbo caused physical and/or mental harm to Plaintiff Faulckes who has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

160.    Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

161.    Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

162.    Defendant Palumbo is liable for her conduct.

163.    Defendant Palumbo is liable for compensatory damages.

164.    Defendant Palumbo is liable for punitive damages.

WHEREFORE, Defendant Palumbo caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s):  (1) payment of compensatory damages

Case ID: 241003541

such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related

to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for

an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc.</u>,

554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT XIII

### MARGUERITE FAULCKES v. LIZ PALUMBO

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

165.    Plaintiff Marguerite Faulckes hereby incorporates the above paragraphs as if set

forth more fully herein.

166.    Defendant Palumbo had a duty to Plaintiff Faulckes to provide service to her and

her grandchild.

167.    There was an implied duty of care to serve all customers regardless of race or color

and not to cause emotional distress to them by refusing to serve a customer because of race or

color.

168.    Defendant Palumbo, for racially motivated reasons, did not provide service to

Plaintiff Faulckes and her grandchild.

169.    Plaintiff Faulckes observed a tortious injury to her grandchild.

170.    Plaintiff suffered severe emotional harm.

171.    Defendant Palumbo caused physical and/or mental harm to Plaintiff Faulckes who

has post-traumatic stress disorder from previous racial discrimination perpetrated against her.

172.    Plaintiff Faulckes suffered aggravation of her pre-existing psychiatric condition.

173.    Plaintiff Faulckes suffered emotional harm, embarrassment, humiliation.

20

Case ID: 241003541

174.    Defendant Palumbo is liable to Plaintiff Faulckes for her conduct.

175.    Defendant Palumbo is liable for compensatory damages.

176.    Defendant Palumbo is liable for punitive damages.

WHEREFORE, Defendant Palumbo caused Plaintiff Faulckes damages in excess of $50,000, and she demands the following relief from Defendant(s): (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

## COUNT XIV

### KURT CLAWSON V. DEFENDANT LIZ PALUMBO

### LOSS OF CONSORTIUM

177.    Plaintiff Kurt Clawson hereby incorporates the foregoing paragraphs above as set if set forth more fully herein.

178.    Plaintiff Kurt E. Clawson is the spouse of Plaintiff Marguerite Faulckes.

179.    Plaintiff believes, and therefore aver, that solely due to the intentional or negligent conduct of Defendant Palumbo, as herein alleged, Plaintiff Kurt E. Clawson has been and may in the future be deprived of Plaintiff Marguerite Faulckes' comfort, guidance, companionship, assistance and consortium, all of which has been and may in the future be due to Plaintiff Marguerite Faulckes' loss and damages.

180.    Plaintiff Clawson's claim is derivative of Plaintiff Marguerite Faulckes' tort claims under Pennsylvania law.

Case ID: 241003541

181.    Defendant Liz Palumbo is liable to Plaintiff Kurt E. Clawson under Pennsylvania's loss of consortium.

WHEREFORE, Defendant Palumbo caused Plaintiff Kurt E. Clawson damages in excess of $50,000, and he demands the following relief from Defendant(s):  (1) payment of compensatory damages such as monies for pain, suffering and humiliation; (2) payment for any medical expenses related to the conduct herein; (3) punitive damages; (4) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (5) other costs of the action.

Respectfully submitted,

Date: October 25, 2024           By:    s/ Edward C. Sweeney
                                       Edward C. Sweeney, Esq. (PA ID: 64565)
                                       Validation of signature code:  ECS1942
                                       Wusinich, Sweeney & Ryan, LLC
                                       102 Pickering Way, Suite 403
                                       Exton, PA  19341
                                       (610) 594-1600
                                       esweeney@wspalaw.com
                                       *Attorney for Plaintiff*

Case ID: 241003541

## VERIFICATION

I, MARGUERITE FAULCKES, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my information, knowledge and belief. I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

Date: 10/24/24

Marguerite Faulckes (Oct 24, 2024 13:59 EDT)

Marguerite Faulckes

1

Case ID: 241003541

## **VERIFICATION**

I, KURT E. CLAWSON, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my information, knowledge and belief. I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

Date: 10/24/24 _____

_____ Kurt E. Clawson (Oct 24, 2024 14:00 EDT)
Kurt E. Clawson

I

Case ID: 241003541

## VERIFICATION

I, DANIELLE CHAPPELL, parent and natural guardian of F.F. (a minor), hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my information, knowledge and belief. I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

Date: 10/24/24

Danielle Chappell (Oct 24, 2024 18:18 EDT)

Danielle Chappell
Parent and Natural Guardian of F.F. (a minor)

1